EDWARDS, Judge.
Defendant was indicted for second degree murder, but pursuant to an agreement between the prosecutor and the defense, that charge was reduced to manslaughter and defendant pled guilty and was sentenced to 15 years at hard labor. Defendant was sentenced January 26,1983, and although his sentence provided for him to be committed to the State prison, he remained in the Tangipahoa Parish jail.
On May 22, 1985, having served over two years of his sentence, defendant, through counsel, filed an application for writ of habeas corpus, claiming that a deputy sheriff had promised him a maximum sentence of one year if he would testify against his codefendant and plead guilty to manslaughter, both of which he did. After a hearing, the trial court vacated defendant’s first sentence and resentenced him to nine years at hard labor, less credit for the time already served, and then suspended the balance of the sentence and placed defendant on active probation for five years.
In its application for supervisory writ the State argued that defendant’s proper remedy was post conviction relief, not habeas corpus. We granted certiorari and ordered this case set on our docket.
Clearly, defense counsel used the wrong procedure to raise defendant’s claim. Habeas corpus is a means of challenging the authority of the custodian of a person, and it is not available to one who may file a post conviction relief application. LSA-C.Cr.P. art. 351. Essentially habeas corpus is a remedy for preconviction complaints regarding custody. In the instant case, the prisoner’s application for relief came after conviction and sentence, and therefore the post conviction procedures of title XXXI-A of the Code of Criminal Procedure should#have been followed. The petitioner, whether counseled or pro se, must use the uniform application for post conviction relief approved by the State Supreme Court. Id. art. 926D. If the application states a claim upon which relief could be granted, the trial court must order the State to file an answer. Id. art. 927.
Although the State’s sole argument is that the wrong procedure was used, we note several problems on the merits. On the record before us, defendant’s allegation that a deputy sheriff promised him a maximum one-year sentence in exchange for his cooperation and guilty plea has not been sufficiently established. At the Boykin hearing, defendant said he had not been promised any leniency in exchange for his guilty plea, and defense counsel stated that the only plea bargain offered was chat made with the district attorney which resulted in the original fifteen-year sentence. The only evidence defendant offered at the habeas hearing to prove the alleged promise was his own testimony that such a *1062 promise was made. He did not, however, identify the time or place of the alleged promise, or the person who made it, not even by that person’s position. Moreover, even if the promise were established, the proper remedy is to vacate the guilty plea. State ex. rel. Turner v. Maggio, 450 So.2d 643, 644 (La.1984).
DECREE
Accordingly the judgment of the trial court resentencing defendant is reversed, defendant’s original sentence is reinstated, and defendant is ordered to comply with post conviction relief procedures if he wishes to pursue this claim.
REVERSED.